# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BARBARA ELAM AND BOBBY ELAM**                                    **PLAINTIFFS**

**VS.**                                                  **CIVIL ACTION NO. 1:08CV304-D-D**

**THE KANSAS CITY SOUTHERN RAILWAY**
**COMPANY AND RONALD MICHAEL**                                     **DEFENDANTS**

## OPINION DENYING MOTION TO REMAND

Presently before the court is Plaintiffs, Barbara Elam and Bobby Elam's Motion to Remand. After reviewing the motion, response, reply, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On November 18, 2006, Barbara Elam ("Elam") drove her 2003 Ford Explorer into the side of a Kansas City Southern Railway Company ("KCSR") rail car that was blocking the Pinecrest Street crossing ("crossing") in Corinth, Mississippi. At the time, the crossing was equipped with reflectorized crossbucks, advanced warning signs, and pavement markings. Ronald L. Michael was the locomotive engineer of the train involved in the accident. Elam sustained personal injuries as a result of her collision with KCSR's train.

On November 20, 2008, Elam and her husband filed suit against KCSR and Michael in the Circuit Court of Alcorn County, Mississippi, asserting negligence claims against KCSR and Michael arising from their alleged failure to clear the crossing, provide sufficient warnings of the train's presence on the crossing, and their alleged failure to properly maintain the subject crossing and warning signals. Plaintiffs further alleged that, by allowing the train to occupy the

crossing for more than five (5) minutes, KCSR and Michael violated section 77-9-235 of the Mississippi Code of 1972 (the "Anti-Blocking Statute"), and were thus negligent per se.

On or around December 23, 3008, KCSR timely removed this case to this Court claiming the existence of both federal question and diversity subject matter jurisdiction. Plaintiffs filed their Motion to Remand on or about January 15, 2009.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

In addition, the Act provides that "[a]ny civil action of which the district courts of the have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Here, the Defendant first alleges that the requirements for diversity jurisdiction are satisfied due to Ronald Michael's fraudulent joinder. The Plaintiff asserts, however, that diversity jurisdiction does not exist because the Defendant has not proven fraudulent joinder.

Defendant next alleges that the asserted claims are preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101, et seq., specifically § 10501(b). Plaintiff asserts that KCSR has failed to provide sufficient evidence that supports Defendant's allegation that the negligence claims fall under the ICCTA.

For the reasons set forth below, the court finds that the Plaintiff's contentions are correct as to Michael's joinder; however, Plaintiff's contentions are incorrect as to preemption. The Defendant has met its burden of establishing the existence of federal question jurisdiction, and the Plaintiff's motion to remand this cause shall therefore be denied.

*C. Diversity Jurisdiction Based on Improper Joinder*

Defendant KCSR removed the cause of action alleging that Defendant Michael was improperly joined because Elam could not maintain an action against Michael and therefore, claimed diversity of citizenship jurisdiction exists.

The Fifth Circuit standard for improper joinder of a member of a train crew is whether there is a "possibility that [Plaintiff] has set forth a valid cause of action" against the train crew. Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003). It is not the job of this court to conduct a mini-trial of Plaintiff's claims but rather determine if there is any reason for Ronald Michael to be a defendant in the case, or as stated in Travis, to determine if there is a "possibility that [Elam] has set forth a valid cause of action" against Michael. *See* Travis, 326 F.3d at 648.

In addition, the Travis court found that the defendant must "put forward evidence that would negate a possibility of liability on the part of the crew" and therefore the burden placed on the party claiming fraudulent joinder is a heavy one. Travis, 326 F.3d at 650.

Further, the United States Supreme Court stated, "[m]erely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to

the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & Oh. Ry. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914) (citations omitted).

Though KSCR claims that Plaintiffs cannot maintain an action against Michael, KSCR has failed to put forth sufficient evidence to support their claim and has failed to compel this Court to the conclusion that Michael's joinder was improper or in bad faith.

### D. Complete Preemption

Defendant KCSR also removed this action based on federal question jurisdiction under the express and complete preemption of Elam's state court claims by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101, *et seq*. Section 10501 provides:

> (b) The jurisdiction of the Board over-
>
> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501.

The Supreme Court has opined that courts must begin with the assumption that Congress did not intend to supersede the historic police powers of the states unless that was the clear and

manifest purpose of Congress. City of Columbus v. Ours Garage and Wrecker Service, Inc., 536 U.S. 424, 432, 122 S.Ct. 2226, 2232, 153 L.Ed.2d 430 (2002).

Accordingly, this Court must determine "whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 331 (5th Cir. 2008); see also Hoskins v. Bekins Van Lines, 343 F.3d 769, 774 (5th Cir. 2003). "If Congress intended the federal cause of action to be exclusive, the state law cause of action is completely preempted, and federal jurisdiction exists." Barrois, 533 F.3d at 331; see also PCI Transp., Inc. v. Fort Worth & Western R. Co., 418 F.3d 535, 544 (5th Cir. 2005). The Fifth Circuit also stated, "[a]s a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." Barrois, 533 F.3d at 331.

A review of the ICCTA's legislative history shows that Congress did not intend to preempt all state law that might touch on a railroad's property or actions but as the Fifth Circuit acknowledged in Friberg, Congress did intend that the ICCTA provide exclusive jurisdiction "in the economic realm. Friberg v. Kansas City Southern Ry. Co., 267 F.3d 439, 443 (5th Cir. 2001).

In PCI Transp., Inc, the Fifth Circuit found that the complete preemption doctrine applied to a state cause of action for both contractual and non-contractual claims because it would regulate the operation of a switching yard and therefore "f[e]ll squarely" under 49 U.S.C. § 10501(b) of the ICCTA. PCI Transp., Inc., 418 F.3d at 540, 545.

Elam's claims include violation of Mississippi's Anti-Blocking statute, Section 77-9-235 of the Mississippi Code of 1972, as amended and state law claims of negligence in various

aspects of safety at the grade crossing involved at the time of accident. Based on the Elam's focus on the safety issues, the case at hand does not facially "fall squarely" under Section 10501.

KCSR relies on the Fifth Circuit's opinion in Friberg, in which the Plaintiffs sought damages for lost profits associated with a failed business allegedly due to KCSR's trains repeatedly blocking the intersection by Plaintiffs' business to support its ICCTA preemption argument. Friberg v. Kansas City Southern Ry. Co., 267 F.3d 439, 443-44 (5th Cir. 2001). In Friberg the Fifth Circuit found that the ICCTA preempted the Fribergs' claims because the outcome of the case could affect the operation of the KCSR side tracks. See Friberg v. Kansas City Southern Ry. Co., 267 F.3d 439, 443-44 (5th Cir. 2001). Specifically, addressing the "anti-blocking statute" involved, the Fifth Circuit stated, "[w]e cannot accept the trial court's reasoning that the Texas Anti-Blocking Statute ... does not reach into the area of economic regulation of railroads. Regulating the time a train can occupy a rail crossing impacts, in such areas as train speed, length and scheduling, the way a railroad operates its trains, with concomitant economic ramifications." Friberg, 267 F.3d at 443. Since the Elams' claims involve a violation of Mississippi's anti-blocking statute, KCSR argues that the present action is likewise preempted by the ICCTA.

Elam argues that the negligence claims are not an attempt to regulate rail transportation but are merely seeking to "impose a duty on carriers to exercise reasonable care for the safety of motorists at rail crossings." Elam claims that such duty would only have an incidental effect on rail transportation that does not amount to "managing" or "governing."

The Friberg case was an *in rem* action as opposed to a personal injury cause of action like the one involved *sub judice*. In fact, Elam's claims are purportedly completely related to the safety of the crossing at issue. However, this Court must follow the Fifth Circuit's finding that

regulating the amount of time a train can occupy a crossing, as the Mississippi anti-blocking statue does, will have economic consequences. Though the imposition of a duty on KCSR may only have an "incidental effect" on the railroad, as Elam argues, the Fifth Circuit has ruled that even "concomitant economic ramifications" are enough to invoke ICCTA's preemption.

### E. Conclusion

In sum, the Court finds that the ICCTA preempts the Plaintiffs' claims against Defendants. The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1441 exists. As such, the court possesses jurisdiction to adjudicate this cause and the Plaintiff's motion to remand shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of March, 2009.

_____
Senior Judge