IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI,
EASTERN DIVISION

**BARBARA ELAM AND BOBBY ELAM**                             **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 1:08CV304-DD**

**THE KANSAS CITY SOUTHERN RAILWAY**
**COMPANY AND RONALD L. MICHAEL**                             **DEFENDANTS**

**RESPONSE OF DEFENDANTS**
**THE KANSAS CITY SOUTHERN RAILWAY COMPANY AND RONALD L. MICHAEL TO**
**PLAINTIFFS' MOTION FOR CLARIFICATION**

COME NOW Defendants The Kansas City Southern Railway Company and Ronald L. Michael (collectively "KCS"), by and through counsel, and file this their Response to Plaintiffs' Motion for Clarification [docket no. 24]. In support thereof, KCS would show unto the Court as follows:

**INTRODUCTION**

On March 23, 2009, this Court issued its Order and Opinion denying Plaintiffs' Motion to Remand, finding therein that the Interstate Commerce Commission Termination Act ("ICCTA") completely preempted "Plaintiffs' claims against Defendants." *See* Opinion, 2009 WL 774404 at *4 (quoting "E. Conclusion"). On April 20, 2009, Plaintiffs filed a motion seeking "clarification" as to whether all of their claims were preempted by the ICCTA and thus barred, or just their Anti-Blocking Statute claim. *See* Motion and Memorandum [docket nos. 24 & 25]. However, Plaintiffs request that the Court alter, amend and/or reconsider its Order and Opinion to "clarify" the scope of its decision on the preemption issue is untimely under Rule 59, is not allowed under Rule 60(a) because Plaintiffs do not seek to correct a clerical error, and is prohibited under

1

Rule 60(b) because the the Opinion and Order on which they seek relief is not "final." Plaintiffs' Motion is thus barred as a matter of procedure, is baseless and unwarranted on the merits, and should be summarily denied.

## PLAINTIFFS' MOTION IS A RULE 60 MOTION AND IS PROCEDURALLY BARRED

With the instant Motion, Plaintiffs ask the Court to enter a "revised opinion clarifying [the intended scope of its finding on ICCTA preemption]." Motion at p. 11 (quoting "III. Conclusion"). Requests for "clarification" or "revision" like the one presented herein are treated as a motion to alter or amend judgment under Rule 59(e) if filed within 10 days of the entry of judgment, or as a Rule 60 motion for relief if filed more than 10 days after entry of judgment. *See Fowler v. First Chemical Corp.*, 2006 WL 2423043 (S.D. Miss.) (Starrett, J.) (citing 12 Moore's Federal Practice § 59.30(7)). Because Plaintiffs did not file their Motion until 28 days after entry of the Opinion and Order from which they seek relief, it is untimely under Rule 59(e), and should be treated as a Rule 60(a) motion to correct or as a Rule 60(b) motion for relief. However, whether treated as one for reconsideration under Rule 60(a) or 60(b), Plaintiffs Motion still fails.

Rule 60(a) only allows for corrections of a "clerical mistake or a mistake arising from oversight or omission." Plaintiffs made no attempt to show the existence of either type of mistake, but instead presented the Court with 11 pages of argument on the ICCTA preemption issue, all of which they previously submitted in their briefing on the Motion to Remand.¹ Plaintiffs' Motion is clearly not one for correction of a clerical

---

1 For instance, Plaintiffs once again argue that federal question removal jurisdiction cannot be based on the Federal Railroad Safety Act, as amended – a jurisdictional argument KCS <u>never</u> made, and which Plaintiffs acknowledge KCS did not allege as a ground for removal. *See, e.g.,* Memorandum at pp. 9-11 and n. 4.

Plaintiffs also continue to cite cases that are completely inapplicable to the preemption analysis presented herein. For example, the *New England Central Railroad Inc. v. Springfield*

2

mistake under Rule 60(a), but is instead one for reconsideration on the merits under Rule 60(b).

Requests for relief under Rule 60(b) can only be considered if the "judgment, order or proceeding" is "final." The Opinion and Order denying remand herein is not final. *See Fowler,* 2006 WL 2423043 at *2 (denying request for reconsideration of order denying remand, and citing *Poirrier v. Nicklos Drilling Co.,* 648 F. 2d 1063, 1064-65 (5th Cir. 1981) (finding an order denying remand "is not a final order")). Therefore, Plaintiffs' request for relief under Rule 60(b) motion is also untimely.

Given the foregoing, Plaintiffs' Motion for "Clarification" (*i.e.,* for Reconsideration) should be summarily denied.

## PLAINTIFFS HAVE NOT STATED ANY GROUND ON WHICH RELIEF MAY BE GRANTED UNDER RULE 60(b)

Even if Plaintiffs' request for reconsideration were not untimely, Plaintiffs' Motion should still be denied given their utter failure to show that their request falls within any of the stated grounds for relief under Rule 60(b). Plaintiffs do not assert that there is any newly discovered evidence on which to grant relief, as required by Rule 60(b)(2). Nor do they assert that the Opinion and Order is void as required by Rule 60(b)(4); or that

---

*Terminal Railway* case in which the allocation of derailment damages between two railroads was at issue. *See* 415 F. Supp. 2d 20 (D. Mass. 2006). Unlike the case *sub judice*, the *New England Central Railroad* case did not involve switching activities or the operation of railroad facilities. As this Court recognized (citing *Friberg*), state law claims that impose a duty on KCS having even an "incidental effect" on railroad operations are preempted by the ICCTA. Another such example is the *Rushing v. Kansas City Southern Railway Company* case, in which the court found common law nuisance and personal injury negligence claims to be preempted by the ICCTA. *See* 194 F. Supp. 2d 493 (S.D. Miss. 2001). Plaintiffs' continued focus on the *Rushing* court's finding of no preemption for claims that were not related to or touch upon the operation of KCS' switching yard is nothing more than an attempt to lead the Court astray. All of Plaintiffs' claims herein directly relate to the operation of railroad facilities (the crossing and switching yard involved herein) and, if allowed, would have "concomitant economic ramifications" that would not only affect the way in which KCS conducts railroad operations (if successful), but also have an adverse effect on interstate commerce. The ICCTA preempts any and all such state law claims.

their claims against KCS have been satisfied, released or discharged as required by Rule 60(b)5); or that KCS committed fraud, made any representation to the Court, or that there was any misconduct on KCS' part as required by Rule 60(b)(3). And, for Rule 60(b)(1) to apply, there Court must have committed error that is "obvious . . ., apparent on the record," and that "involve[s] a fundamental misconception of the law." *Heirs of Hodge v. Jones County,* 2008 WL 4939411 (S.D. Miss.) (citing *Hill v. McDermott, Inc.,* 827 F. 2d 1040, 1043 (5th Cir. 1987)). As further explained below, the Court correctly applied the Fifth Circuit's holding in *Friberg* on the issue presented herein. There are no errors – much less obvious errors or fundamental misconceptions of the law – on which this Court can grant relief under Rule 60(b)(1).

To the extent that Plaintiffs Motion can be interpreted as a motion for relief under Rule 60(b)(6) based on the Court's holding that their "claims" are preempted, this argument also fails. *See* Memorandum at p. 7 (repeating their appeal to the Court's sense of justice based upon their alleged inability to seek an award of damages for personal injuries from the STB). Relief under Rule 60(b)(6) is "reserved for extraordinary circumstances" and is "exceedingly rare." McKee, Janssen & Corr, "2009 Federal Civil Rules Handbook" at pp. 1167-68 (citing precedent from the United States Supreme Court and Court of Appeal for the Eighth Circuit); *Munoz v. Fortner,* 308 Fed. Appx. 816 (5th Cir. 2009) (citing *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002), in which the court held that Rule 60(b)(6) requires that a party show exceptional circumstances warranting relief"; otherwise, a request for relief under Rule 60(b)(6) fails)). Plaintiffs' argument that this Court's finding of complete preemption as to all of their claims will require them to go the agency in which Congress vested exclusive authority over claims such as theirs for relief cannot be considered an extraordinary circumstance for Rule

4

60(b)(6) purposes. It is simply the law. *See* 49 U.S.C. § 10501(b) (providing, "The jurisdiction of the [Surface Transportation] Board over (1) transportation by rail carriers, [and] (2) the . . . operation [of] switching or side tracks, or facilities . . . is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law") (emphasis added).

Nor does Plaintiffs' argument that they "cannot seek an award of damages for their personal injuries from the STB pursuant to a common law negligence theory" alter the preemption analysis (or rise to the requisite level for the extraordinary relief provided by Rule 60(b)(6)). As a preliminary matter, Plaintiffs' argument in this regard is incorrect insofar as it is based on the district court's decision in *Rushing v. Kansas City Southern Railway Company*. The portion of *Rushing* to which they cite dealt specifically with the concurrent jurisdiction of Federal courts and the STB in certain rate disputes, and the plaintiff's argument therein that that provision applied to the *Rushing* case. *See* 194 F. Supp. 2d 493, 500 (S.D. Miss. 2001) (Barbour, J.). The district court in *Rushing* found the concurrent jurisdiction provision to be inapplicable to that case because the only claims before the court were common law claims, rather than rate-related claims arising under the ICCTA. *See id*. The district court went on to find that all claims concerning the way the railroad operated to be preempted and dismissed them so that they could be filed with the STB for adjudication. *See id*. In this regard, the case *sub judice* is identical to the *Rushing* case.[2] Plaintiffs' arguments to the contrary cannot

---

2 The one claim in *Rushing* that the district court found not to be preempted by the ICCTA had nothing to do with railroad operations, but instead dealt with a drainage issue on the plaintiff's property allegedly caused by the way a earthen berm on railroad property was constructed. As stated above, *see* n. 1, all of Plaintiffs' claims herein directly relate to how KCS operates its crossing, its siding, its switching yard, and how it conducts switching operations. These are indisputably related to railroad transportation and operations and are

withstand the light of day and should be disregarded.

However, even assuming arguendo it were true that the ICCTA does not provide them with a remedy for their personal injury claims, the Fifth Circuit has held in the specific context of the ICCTA that no federal remedy is required for there to be a finding of complete preemption. *See, e.g., PCI Transp., Inc. v. Fort Worth & Western R. Co.,* 418 F. 3d 535, 543-44 (5th Cir. 2005) (citing *Hoskins v. Belkins Van Lines*, 343 F. 3d 769 (5th Cir. 2003) (finding that the requirement that the federal statute contain a civil enforcement provision that replaces the analogous area of state law was no longer a part of the test for complete preemption, the emphasis of which is now whether Congress intended that jurisdiction under a federal act be exclusively federal). Such is also the case with other federal statutes in which complete preemption has been found. *See, e.g., Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987) (finding ERISA's civil enforcement remedies to be exclusive even "when the state action purported to authorize a remedy unavailable under the federal provision"); *Kaufman v. Allied Pilots Ass'n,* 274 F. 3d 197 (5th Cir. 2001) (citing cases in which the United States Supreme Court upheld findings of preemption <u>even though the federal agencies refused to assert their exclusive jurisdiction</u> over the state law claim found to be preempted). Plaintiffs' argument is thus irrelevant as to both the preemption and Rule 60(b)(6) analysis.

Further, Plaintiffs are not entitled to relief under Rule 60(b)(6) because their arguments are directly contrary to existing Fifth Circuit law as to the scope of ICCTA preemption. Plaintiffs conceded that the ICCTA preempts their Mississippi's Anti-Blocking statute claim. *See* Memorandum at p. 11 "III. Conclusion." They do not dispute the Fifth Circuit's holding in *Friberg* as to the preemption of such claims, or the Court's

---

thus preempted by the ICCTA.

application of the *Friberg* holding to the facts of this case. *See id.* With their argument against complete preemption of their common law claims, Plaintiffs apparently overlooked the fact that the Fifth Circuit also found the *Friberg* plaintiffs' <u>common law claims</u> to be preempted by the ICCTA. Quoting the circuit court in *Friberg*: "We thus hold that the Texas Anti-Blocking Statute, <u>as well as the Friberg's common law claim of negligence</u>, are preempted by the ICCTA." *Friberg v. Kansas City Southern Ry. Co.*, 267 F. 3d 439, 444 (5th Cir. 2001) (emphasis added).

Likewise in this case the Court correctly held that "the ICCTA preempts the Plaintiffs' claims against Defendants." In so holding the Court recognized that the express preemption provision of the ICCTA is extremely broad,[3] and that all of Plaintiffs' claims fall within the scope of ICCTA preemption because they challenge the way in which KCS operates it railroad facilities (*i.e.*, the crossing) and/or conducts its switching operations over the subject crossing, and, if allowed, would impose duties on KCS that would both "incidental[ly and directly a]ffect" how KCS' operates in interstate commerce with "concomitant economic ramifications." (Quoting the Opinion and Order of the Court).

## CONCLUSION

For these reasons, Plaintiff's Motion for Clarification should be denied and an Order entered dismissing Plaintiffs' action without prejudice based on the ICCTA's complete preemption of all of their claims.

This the 15th day of May 2009.

---

[3] The district court in *Rushing* found "'it . . . difficult to imagine a broader statement of Congress' intent to preempt regulatory authority over railroad operations.'" *Rushing,* 194 F. Supp. 2d at 499 (quoting *CSX Transp., Inc. v. Georgia Public Serv. Comm'n*, 944 F. Supp. 1573, 1583 (N.D. Ga. 1996)).

7

        Respectfully submitted,

        THE KANSAS CITY SOUTHERN RAILWAY COMPANY


        By:   /s/ Bill Lovett_____
            CHARLES E. ROSS
            BILL LOVETT
            **Its Attorneys**

OF COUNSEL:

Charles E. Ross (MSB #5683)
Bill Lovett (MSB #100346)
WISE CARTER CHILD & CARAWAY, P.A.
600 Heritage Building
401 East Capitol Street
P.O. Box 651
Jackson, MS 39205-0651
Tel:     (601) 968-5500
Fax:    (601) 968-5593
E-mail: cer@wisecarter.com / wbl@wisecarter.com

**CERTIFICATE OF SERVICE**

I, Bill Lovett, one of the attorneys of record for Defendants, The Kansas City Southern Railway Company and Ronald L. Michael, do hereby certify that on May 15, 2009, a copy of the foregoing **Response to Motion for Clarification** [docket no. 24] was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to DUNCAN L. LOTT and CASEY L. LOTT by operation of the Court's electronic filing system. There are no known non-CM/ECF participants at the time of this filing.

This the 15th day of May, 2009.

/s/ Bill Lovett
CHARLES E. ROSS
BILL LOVETT

WISE CARTER CHILD & CARAWAY, P. A.
Professional Association
600 Heritage Building
Congress at Capitol
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-5500
Facsimile: (601) 968-5593
E-mail: cer@wisecarter.com;
wbl@wisecarter.com