IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARBARA ELAM AND BOBBY ELAM                                                        PLAINTIFFS

VS.                                                                                  CIVIL ACTION NO. 1:08CV304-D-D

THE KANSAS CITY SOUTHERN RAILWAY
COMPANY AND RONALD MICHAEL                                                          DEFENDANTS

## OPINION GRANTING MOTION FOR CLARIFICATION
## AND DISMISSING ALL CLAIMS WITHOUT PREJUDICE

Presently before the Court is Plaintiffs, Barbara Elam and Bobby Elam's Motion for Clarification. After reviewing the motion, response, reply, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On November 18, 2006, Barbara Elam ("Elam") drove her 2003 Ford Explorer into the side of a Kansas City Southern Railway Company ("KCSR") rail car that was blocking the Pine Crest Street crossing ("crossing") in Corinth, Mississippi. At the time, the crossing was equipped with reflectorized crossbucks, advanced warning signs, and pavement markings. Ronald L. Michael was the locomotive engineer of the train involved in the accident. Elam sustained personal injuries as a result of her collision with KCSR's train.

On November 20, 2008, Elam and her husband filed suit against KCSR and Michael in the Circuit Court of Alcorn County, Mississippi, asserting negligence claims against KCSR and Michael arising from their alleged failure to clear the crossing, provide sufficient warnings of the train's presence on the crossing, and their alleged failure to properly maintain the subject crossing and warning signals. Plaintiffs further alleged that, by allowing the train to occupy the

crossing for more than five (5) minutes, KCSR and Michael violated Section 77-9-235 of the Mississippi Code of 1972 (the "anti-blocking statute"), and were thus negligent *per se*.

On or around December 23, 3008, KCSR timely removed this case to this Court claiming the existence of both federal question and diversity subject matter jurisdiction. Plaintiffs filed their Motion to Remand on or about January 15, 2009.

On March 24, 2009, the Court entered its Order and Memorandum Opinion in which it denied Plaintiff's motion to remand finding that the Plaintiffs claims are preempted by the Interstate Commerce Commission Termination Act ("ICCTA"). Plaintiff then filed the present motion for clarification asking the Court to clarify whether the Court indeed ruled that *all* of Plaintiffs' claims are preempted or only their negligence *per se* claim.

### B. Preemption

The statutory provisions at the center of this dispute are in the Interstate Commerce Commission Termination Act ("ICCTA"). 49 U.S.C. § 10101, *et seq.* In section 10501, the jurisdiction of the Surface Transportation Board ("STB") is defined and the preemptive effect of the statute is declared. Section 10501 of the ICCTA, 49 U.S.C. § 10101, *et seq.* provides:

> (b) The jurisdiction of the Board over-
>
> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail

transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501.

Section 10501(b) gives the Board exclusive jurisdiction over "transportation by rail carriers," and the term "transportation" is defined by statute, at 49 U.S.C. 10102(9), to embrace all of the equipment, facilities, and services relating to the movement of property by rail.

Elam's claims include violation of Mississippi's Anti-Blocking statute, Section 77-9-235 of the Mississippi Code of 1972, as amended, and state law claims of negligence on various safety issues at the grade crossing at the time of accident. As this Court found in its earlier opinion, the case at hand does not facially "fall squarely" under Section 10501 due to Elam's focus on the alleged safety issues at the crossing.

### C. Negligence Per Se

Relying on the Fifth Circuit's opinion in *Friberg*, the Court found in its Opinion dated March 24, 2009, that Plaintiffs' claims brought under the Mississippi anti-blocking statute were preempted under the ICCTA. *Friberg v. Kansas City Southern Ry. Co.*, 267 F.3d 439, 443-44 (5th Cir. 2001). As stated in its earlier Opinion, this Court must follow the Fifth Circuit's finding in *Friberg* that regulating the amount of time a train can occupy a crossing, as the Mississippi anti-blocking statue does, regulates "the way a railroad operates its trains, with concomitant economic ramifications" and is preempted by the ICCTA. See *Friberg*, 267 F.3d at 443. Therefore, the Court will not reconsider its ruling that Plaintiffs' claims involving the Mississippi anti-blocking statute are preempted. The motion to reconsider as it relates to those claims is denied.

*D. Common Law Negligence Claims*

Plaintiffs' motion to reconsider focuses on the Court's ruling that the state-law negligence claims fall under the ICCTA's preemption. KCSR's argument is that all of Plaintiff's asserted claims are preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101, et seq., specifically § 10501(b), including Plaintiffs' state-law negligence claims. Plaintiffs argue the Court's prior Opinion focused on the claims involving the Mississippi anti-blocking statute and did not address the state-law negligence claims. Plaintiffs further argue that it was never Congress' intent to preempt all state law claims. As the Fifth Circuit has explained, the presumption against preemption is applicable to "areas of law traditionally reserved to the states, like police powers and property law ...." *Davis v. Davis*, 170 F.3d 475, 481 (5th Cir.1999) (en banc). Neither police power nor property law is at issue here. Both parties submitted additional arguments in support of their position but the Court finds these relevant to its analysis.

One of the cases Plaintiffs rely on is *Rushing v. Kansas City Southern Railway Company*, 194 F.Supp.2d 493 (S.D. Miss. 2001). In *Rushing*, the plaintiff sued the railroad seeking to have the railroad reduce noise levels and vibrations in a switching yard along with curing the pooling of rainwater on Plaintiff's property. The district court found that because the claims regarding noise levels and vibrations involved a switching yard, they were preempted under the ICCTA; however, the *Rushing* court found that even though Plaintiff's state-law negligence claims seeking a remedy to the rainwater problem could result in compensation being paid to the Plaintiff, it did not "directly relate to the manner in which the defendant conducts its switching activities." *Rushing v. Kansas City Southern Railway Company*, 194 F.Supp.2d 493 (S.D. Miss.

4

2001). Plaintiffs' reliance on this case is misguided as the issues present in the case *sub judice* and those present in Rushing are altogether dissimilar.

The Court was able to find multiple cases in which similar factual issues were tried in state court. In *Kilhullen*, the widow of a driver filed a wrongful death action in the Circuit Court, Scott County, Mississippi against KCSR after her husband was killed when his tractor-trailer collided with a KCSR train. *See Kilhullen v. Kansas City Southern Ry.*, 8 So.3d 168 (Miss. 2009). The circuit court found that, "following discovery ... the single issue which remain[ed] is the complaint that due to vegetation and other objects which were present near the right-of-way, [Thomas] had limited visibility of a train approaching said crossing, and this sight limitation was the proximate cause of the accident." In *Kilhullen*, the issue of crossing safety was at issue, as is present in the case *sub judice*. The Mississippi Supreme Court found that more discovery was needed on the issue and therefore summary judgment was not proper. Unfortunately, in *Kilhullen* the issue of preemption was never raised and it was never addressed by the circuit court, the Mississippi Court of Appeals or the Supreme Court of Mississippi. Accordingly, the fact that similar safety issues were tried in state court is of no consequence to the decision at hand.

Defendants rely heavily on the Fifth Circuit's opinion in *Friberg*, a case cited and relied upon in this Court's earlier Opinion. *See Friberg v. Kansas City S. Ry.*, 267 F.3d 439 (5th Cir. 2001). In *Friberg*, the Fifth Circuit found that the ICCTA preempted the Fribergs' negligence and negligence *per se* claims because the outcome of the case could affect how KCSR operates its trains and have associated economic ramifications. *See Friberg*, 267 F.3d at 443-44.

In a recent opinion, the Fifth Circuit performed an extensive and thorough discussion of ICCTA preemption in reversing and remanding a district court's decision that an owner's state

law property action involving private crossings was preempted by the ICCTA. *See Franks Inv. Co. LLC v. Union Pacific R. Co.*, 593 F.3d 404 (5th Cir. 2010). In *Franks*, the plaintiff brought a possessory action, claiming that it had a servitude of passage similar to an easement over private crossings that the railroad was attempting to close. In its discussion of whether the dispute invoked laws that have the effect of managing or governing, and not merely incidentally affecting, rail transportation, the court opined, "it is clear that a tort suit that attempts to mandate when trains can use tracks and stop on them is attempting to manage or govern rail transportation in a direct way, unlike a state law property action regarding railroad crossings." *Franks Inv. Co. LLC v. Union Pacific R. Co.*, 593 F.3d 404, 411 (5th Cir. 2010). The Fifth Circuit found that Franks property law claims were not expressly preempted. The Fifth Circuit then discussed implied preemption. In so doing, the Fifth Circuit adopted the STB's two-part test it applies to implied preemption questions:

> For state or local actions that are not facially preempted, the section 10501(b) preemption analysis requires a factual assessment of whether that action would have the effect of preventing or unreasonably interfering with railroad transportation.

*Franks*, 593 F.3d at 413 (*citing CSX Transportation, Inc.-Petition for Declaratory Order*, STB Finance Docket No. 34662, 2005 WL 1024490, at *2-*3 (S.T.B. May 3, 2005)). The court opined that "[u]nder this fact-based test, state law actions can be preempted as applied if they have the effect of unreasonably burdening or interfering with rail transportation." *Franks* at 414. The Fifth Circuit rejected the district court's decision that all railroad crossings affect rail transportation. After discussing each sides' arguments, the Fifth Circuit found that there was no evidence of any safety, drainage, and maintenance issues at the crossings at issue and they did not create any unusual interference with the railroad. As a result, the Fifth Circuit held that Franks' property law claims were not federally preempted.

In the case *sub judice*, Plaintiffs' allege that KCSR and Michael negligently operated the train by blocking the crossing without due regard for the welfare for motorists utilizing the crossing; permitted the crossing to become and remain unsafe; failed to give warning or signals indicating the train was present at the crossing; failed to provide a flagman, guard or other person to warn motorists of the train's presence; failed to properly maintain warning devices, bells, lights, flashing signals, or other reasonable warning devices the grade crossing; failed to keep the crossing in good repair; and failed to exercise reasonable care in the operation of the engine and train.

As stated earlier, the jurisdiction of the STB is exclusive over rules, including operating rules, practices and the operation of switching, side tracks and facilities. *See* 49 U.S.C. § 10501. Plaintiffs' complaint contains two state-law negligence claims against both KCSR and Michael which expressly alleged negligent operation of the engine and train. The Court finds those claims are expressly preempted by the ICCTA.

Plaintiffs' remaining state-law negligence claims are not expressly preempted by the ICCTA and therefore, the STB's adopted implied preemption test must be applied to those claims. Plaintiffs alleged both KCSR and Michael were negligent in failing to provide warning to motorists in the various ways and maintain the grade crossing. The Court is of the opinion that regulating the manner in which a railroad must warn motorist in the ways the Plaintiffs enumerate in their complaint such as using bells, lights, flashing signals, or provide a provide a flagman or guard at a grade crossing would have the effect of unreasonably interfering with railroad transportation. In addition, the Court finds that requiring KCSR to take the measures or actions Plaintiffs allege KCSR negligently failed to do, would impose related economic ramifications on KCSR. As the *Friberg* court found, the STB has exclusive jurisdiction "in the

economic realm." *Friberg* at 443. As a result of applying the STB's implied preemption test, along with following the applicable case law, the Court finds Plaintiffs' state-law negligence claims are preempted by the ICCTA.

Plaintiffs argue that the Federal Rail Safety Act ("FRSA") and the Federal Railroad Administration ("FRA") regulate issues involving railroad safety and not the ICCTA and therefore the FRSA is the correct statute under which to analyze Plaintiffs' safety claims. However, in *Tyrrell*, the Sixth Circuit held that both the STB and the FRSA have jurisdiction over railroad safety. *Tyrrell v. Norfolk Southern Ry.*, 248 F.3d 517, 523 (6th Cir. 2001). Given that the Court finds that Plaintiffs' claims are preempted under the ICCTA, it will not address whether they are also preempted under the FRSA.

*E. Conclusion*

In sum, the Court finds that Plaintiffs' negligence *per se* claims against Defendants are expressly preempted under the ICCTA. In addition, the Court finds that Plaintiffs' state-law negligence claims are impliedly preempted under the ICCTA. Previously, the Court retained jurisdiction over all of Plaintiffs' claims; however, after further review of the applicable statutes, the Court finds that dismissing claims without prejudice in order to allow Plaintiffs to re-file them with the Board is proper.

A separate order in accordance with this opinion shall issue this day.

This the 9th day of March, 2010.

Senior Judge