IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

BARBARA ELAM AND BOBBY ELAM     PLAINTIFFS

VS.     CIVIL ACTION NO. CV08-569PA

THE KANSAS CITY SOUTHERN RAILWAY
COMPANY AND RONALD L. MICHAEL     DEFENDANTS

## COMPLAINT

**COME NOW** the plaintiffs, Barbara Elam and Bobby Elam, and file this cause of action against the defendants, The Kansas City Southern Railway Company and Ronald L. Michael, and in support thereof would show unto the Court the following facts, to-wit:

### PARTIES

1.

Plaintiffs, Barbara Elam and Bobby Elam, are adult resident citizens of Alcorn County, Mississippi.

2.

Defendant, The Kansas City Southern Railway Company (hereinafter referred to as "Kansas City Southern") is a foreign corporation organized under the laws of the State of Missouri. Kansas City Southern operates a railroad line in Alcorn County, Mississippi, as contemplated by Mississippi statutes. Service of process may be had upon said defendant by serving CT Corporation, 645 Lakeland East Drive, Suit 101, Flowood, Mississippi 39232, which has been appointed as their agent for service of process.

FILED
NOV 20 2008
JOE CALDWELL, CIRCUIT CLERK
BY [signature]

EXHIBIT
A

3.

The defendant, Ronald L. Michael, is an adult resident citizen of Alcorn County, Mississippi, who may be served with process at his place of residence located at 88 CR 415, Corinth, Mississippi 38834 or where found.

## JURISDICTION AND VENUE

4.

The Circuit Court of Alcorn County, Mississippi is vested with subject matter jurisdiction over the defendants pursuant to Article VI, § 156 of the Mississippi Constitution of 1890 and Section 9-7-81 of the Mississippi Code of 1972, as amended. The Circuit Court of Alcorn County, Mississippi is vested with *in personum* jurisdiction over the defendants herein by virtue of the fact that Ronald L. Michael resides in Alcorn County, Mississippi and the corporate defendant, Kansas City Southern, actively conducts business within Alcorn County, Mississippi and otherwise has a substantive affiliation with the state sufficient to satisfy the state and federal requirements for personal jurisdiction. Venue is proper in this Honorable Court pursuant to Section 11-11-3 of the Mississippi Code of 1972, as amended, because a substantial act, omission or event that caused the injury occurred in Alcorn County, Mississippi.

## BACKGROUND FACTS

5.

On or about November 18, 2006, Barbara Elam was operating her 2003 Ford Explorer on Pine Crest Road in a northerly direction in Corinth, Alcorn County, Mississippi.

6.

Pine Crest Road intersects with the railroad line owned and operated by Kansas City Southern, at grade crossing #869527K.

7.

On or about November 18, 2006 at approximately 5:24 p.m. and after sunset, a locomotive engine and freight cars owned by Kansas City Southern and operated by engineer, Ronald L. Michael, were stationary on the track that intersects with Pine Crest Road and hopper car #KCS310172 occupied the crossing and blocked the flow of traffic through Pine Crest Road.

8.

Due to peculiar environment and/or hazardous conditions, Kansas City Southern should have foreseen that a motorist using ordinary care may not see or have the ability to visually identify the above referenced train blocking the crossing.

9.

On or about November 18, 2006 at approximately 5:24 p.m., the Ford Explorer operated by Barbara Elam collided with hopper car #KCS310172 at the Pine Crest Road intersection and came to rest with the front portion of the Ford Explorer under the hopper car.

10.

The collision between the plaintiff's vehicle and the Kansas City Southern train was solely and proximately caused by the combined and concurrent negligence of the defendants named herein.

11.

The plaintiff, Barbara Elam, sustained serious and disabling injuries as a result of said collision.

### COUNT ONE - CLAIM AGAINST KANSAS CITY SOUTHERN RAILWAY COMPANY

12.

Plaintiffs adopt all material allegations recited above and incorporates the same herein by reference.

13.

At all times material hereto Ronald L. Michael was the employee, agent, and servant of Kansas City Southern and was operating the locomotive owned by Kansas City Southern in the course and scope of his employment and in furtherance of the business of Kansas City Southern.

14.

At the time of the collision described above, Kansas City Southern was simply and grossly negligent in the operation of its freight train by allowing it's locomotive and freight cars to block the crossing at Pine Crest Road in such a manner as solely and proximately cause the above referenced collision with plaintiff, Barbara Elam's, Ford Explorer. Specifically, Kansas City Southern was negligent, to-wit:

a. By operating the locomotive and rail cars in such a manner as to be stationary and block the crossing at Pine Crest Road, without due regard for the traffic upon and the welfare of motorist utilizing said Pine Crest Road as it intersects with the railroad line;

b. By permitting and allowing the grade crossing to become and remain unsafe, thereby constituting a dangerous and hazardous condition for motorist utilizing said Pine Crest Road;

c. By operating the subject locomotive and freight cars over the subject grade crossing and blocking the crossing without giving any warning or signal indicating the locomotive engine and freight cars were present.

d. By failing to provide any flagman, guard, or other person to warn oncoming motorists of the locomotive engine and freight cars blocking the crossing at Pine Crest Road;

e. By failing to properly maintain the grade crossing over Pine Crest Road in a safe and good condition and by failing to maintain warning devices, bells, lights, flashing signals, or other reasonable warning devices calculated to warn approaching motorists of the stationary locomotive engine and train;

f. By negligently operating the train in such manner as to occupy and be stopped at the Pine Crest Road crossing when Kansas City Southern knew or should have known that said grade crossing was

unprotected, and a motorist using ordinary care may not see the train;

g. By failing to keep the grade crossing in a state of good repair, safe for ordinary use by motorists; and

h. By failing to exercise reasonable care in the operation of the subject engine and train and the maintenance and upkeep of the grade crossing.

15.

Further, Kansas City Southern was negligent *per se* in violation of Section 77-9-235 of the Mississippi Code of 1972, as amended, because the train at issue stopped at the Pine Crest Road crossing for a period in excess of five minutes and failed to uncouple its cars so as not to obstruct traffic on Pine Crest Road. Plaintiffs fall within the class of persons the Legislature intended to protect by enactment of the above referenced statute.

16.

The acts of the defendants described herein constitute gross negligence in reckless disregard of the rights of Barbara Elam and Bobby Elam, and by reason thereof, plaintiffs are entitled to recover both compensatory and punitive damages.

17.

As a direct and proximate cause of the defendants' negligence, the plaintiff, Barbara Elam, sustained serious and disabling injuries.

## COUNT TWO – CLAIM AGAINST RONALD L. MICHAEL

18.

Plaintiff adopts all material allegations recited above and incorporates the same herein by reference.

19.

At the time of the collision described above, Ronald L. Michael was simply and grossly negligent in the operation of the freight train at issue by allowing said locomotive and freight cars to block the crossing at Pine Crest Road in such a manner as to solely and proximately cause the above referenced collision with plaintiff, Barbara Elam's, Ford Explorer. Specifically, Ronald L. Michael was individually and actively negligent, to-wit:

    a. By operating the locomotive and rail cars in such a manner as to be stationary and block the crossing at Pine Crest Road, without due regard for the traffic upon and the welfare of motorist utilizing said Pine Crest Road as it intersects with the railroad line;

    b. By permitting and allowing the grade crossing to become and remain unsafe, thereby constituting a hazardous for motorist utilizing said Pine Crest Road;

    c. By operating the subject locomotive and freight cars over the subject grade crossing and blocking the crossing without giving

any warning or signal indicating the locomotive engine and freight cars were present;

d. By failing to provide any flagman, guard, or other person to warn oncoming motorists of the locomotive engine and freight cars blocking the crossing at Pine Crest Road;

e. By failing to properly maintain the grade crossing over Pine Crest Road in a safe and good condition and by failing to maintain warning devices, bells, lights, flashing signals, or other reasonable warning devices calculated to warn approaching motorists of the stationary locomotive engine and train;

f. By negligently operating the train in such manner as to occupy and be stopped at the Pine Crest Road crossing when Kansas City Southern knew or should have known that said grade crossing was unprotected, and a motorist using ordinary care may not see the train;

g. By failing to keep the grade crossing in a state of good repair, safe for ordinary use by motorists; and

h. By failing to exercise reasonable care in the operation of the subject engine and train and the maintenance and upkeep of the grade crossing.

20.

Further, Ronald L. Michael was negligent *per se* in violation of Section 77-9-235 of the Mississippi Code of 1972, as amended, because he stopped the

train at issue at the Pine Crest Road crossing for a period in excess of five minutes and failed to uncouple its cars so as not to obstruct traffic on Pine Crest Road. Plaintiffs fall within the class of persons the Legislature intended to protect by enactment of the above referenced statute.

21.

The acts of the defendants described herein constitute gross negligence and reckless disregard of the rights of Barbara Elam and by reason thereof plaintiffs are entitled to recover both actual and punitive damages.

22.

As a direct and proximate cause of the defendants' negligence, the plaintiff, Barbara Elam, sustained serious and disabling injuries.

## COUNT THREE – DERIVATIVE CLAIM

23.

Plaintiff adopts all material allegations recited above and incorporates the same herein by reference.

24.

At all times relevant hereto, plaintiffs, Barbara Elam and Bobby Elam, were and are married as husband and wife.

25.

The above referenced collision, and Barbara Elam's injuries resulting therefrom, was solely and proximately caused by the combined and concurrent negligence of the defendants named herein.

26.

Due to the serious and disabling injuries sustained by Barbara Elam, Defendants also tortiously impaired the ability of Barbara Elam to perform certain duties associated with her spousal relationship.

27.

As a direct and proximate cause of Defendants combined and concurrent tortious interference with said spousal relationship, plaintiff, Bobby Elam, sustained individual damages including, but not limited to, loss or impairment of his right to conjugal society and companionship, love, affection, aid, services, support, comfort, mutual services, including the ability to participate in activities, duties, and responsibilities necessary to make a home, and loss of income and expenses incurred in the care and rehabilitation of Barbara Elam throughout her recovery.

WHEREFORE PREMISES CONSIDERED, plaintiffs, Barbara Elam and Bobby Elam, demand judgment for both actual and punitive damages against defendants, Kansas City Southern Rail Company, and Ronald L. Michael as set out more particularly hereafter.

As a direct and proximate result of the combined and concurrent negligence of the defendants herein, the plaintiff, Barbara Elam, is entitled to compensation for actual damages and injuries as hereinafter enumerated to-wit:

    a.    All medical, doctor, hospital, drug, and rehabilitative expenses occasioned by the injuries of Barbara Elam as complained of herein;

    b.    Mental pain and anguish suffered by the plaintiff;

    c.    Lost wages, both past, present, and future;

    d.    Disability, both temporary and permanent in nature; and

    e.    Punitive damages.

As a direct and proximate result of the combined and concurrent negligence of the defendants herein, the plaintiff, Bobby Elam, is entitled to compensation for actual damages and injuries as hereinafter enumerated to-wit:

    a.    Loss or impairment of his right to conjugal society and companionship, love, affection, aid, services, support, comfort, mutual services, including the ability to participate in activities, duties, and responsibilities necessary to make a home; and

    b.    Loss of income and expenses incurred in the care and rehabilitation of Barbara Elam throughout her recovery.

Specifically, plaintiff, Barbara Elam, demands judgment of and from each defendant for compensatory damages in the aggregate sum of Twenty Million Dollars ($20,000,000.00), together with interest and costs as required by law. Further, plaintiff, Bobby Elam, demands judgment of and from each defendant for compensatory damages in the aggregate sum of One Million Dollars ($1,000,000.00), together with interest and costs as required by law. Plaintiffs further demand judgment of and from each defendant for punitive damages in an amount to be accessed by the jury.

Respectfully Submitted,

**BARBARA ELAM et al.**

*Duncan Lott*
DUNCAN L. LOTT, MBN 1431
CASEY L. LOTT, MBN 101766
Attorneys for Plaintiffs

Of Counsel:

LANGSTON & LOTT, P.A.
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992