IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARBARA ELAM AND BOBBY ELAM　　　　　　　　　　　　　　　　PLAINTIFFS

VS.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:08CV304-D-D

THE KANSAS CITY SOUTHERN RAILWAY
COMPANY AND RONALD MICHAEL　　　　　　　　　　　　　　　　DEFENDANTS

## OPINION GRANTING MOTION TO REMAND

Presently before the Court is Plaintiffs, Barbara Elam and Bobby Elam's renewed Motion to Remand (docket entry 46). After reviewing the motion, response, reply, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On November 18, 2006, Barbara Elam ("Elam") drove her 2003 Ford Explorer into the side of a Kansas City Southern Railway Company ("KCSR") rail car that was blocking the Pinecrest Street crossing ("crossing") in Corinth, Mississippi. At the time, the crossing was equipped with reflectorized crossbucks, advanced warning signs, and pavement markings. Ronald L. Michael was the locomotive engineer of the train involved in the accident. Elam sustained personal injuries as a result of her collision with KCSR's train.

On November 20, 2008, Elam and her husband filed suit against KCSR and Michael in the Circuit Court of Alcorn County, Mississippi, asserting negligence claims against KCSR and Michael arising from their alleged failure to clear the crossing, provide sufficient warnings of the train's presence on the crossing, and their alleged failure to properly maintain the subject crossing and warning signals. Plaintiffs further alleged that, by allowing the train to occupy the

crossing for more than five (5) minutes, KCSR and Michael violated section 77-9-235 of the Mississippi Code of 1972 (the "Anti-Blocking Statute"), and were thus negligent per se.

On or around December 23, 3008, KCSR timely removed this case to this Court claiming the existence of both federal question and diversity subject matter jurisdiction. Plaintiffs filed their Motion to Remand on or about January 15, 2009. On March 23, 2009, this Court issued an order and opinion denying said motion. Plaintiffs filed a Motion for Clarification on April 20, 2009. This Court entered an order and opinion granting Appellants' Motion for Clarification and dismissing Appellants' claims without prejudice for refilling with the STB.

On March 24, 2010, Plaintiffs timely filed their Notice of Appeal. On March 15, 2011, the Fifth Circuit Court of Appeals issued a Memorandum Opinion affirming the ruling of this Court in part, reversing in part and remanding the action on Plaintiffs' simple negligence claims for further proceedings in this Court. *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796 (5th Cir. 2011).

On April 19, 2011, Plaintiffs timely filed a renewed Motion for Remand. On May 6, 2011, Defendants filed their response in opposition. Plaintiffs filed their rebuttal on May 19, 2011.

*B. Standard for Remand and Discussion*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. §

1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

In this Court's Opinion Denying Motion to Remand entered on March 23, 2009, the Court rejected the Defendants' argument that the Court had diversity jurisdiction due to the fraudulent joinder of Defendant Michael. The Fifth Circuit stated in its Opinion remanding the Plaintiffs' simple negligence claims back to this Court for further proceedings, "[t]he district court properly rejected this contention. Here, as in *Travis*, the Elams allege facts providing at least a reasonable basis to predict Michael was negligent." *Elam*, 635 F.3d at 812.

In addition, the Act provides that "[a]ny civil action of which the district courts of the have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Here, Defendants argue that the Plaintiffs' simple negligence claims are also preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101, et seq., specifically § 10501(b). Defendants argue in their response that "per the Fifth Circuit decision in this case" they should be allowed to "develop the record to determine if some or all of Plaintiffs' remaining state law negligence claims are completely preempted by the ICCTA, on the basis that the claims unreasonably burden or interfere with KCSR's operation." However, the Fifth Circuit stated, "the ICCTA does not expressly or completely preempt the Elams' simple negligence claims." In an Order denying Defendants' motion for summary judgment entered this same day, the Court found The Fifth Circuit continued, "[t]he district court will need to determine whether

3

the Elams' simple negligence claim in turn should be remanded to Mississippi state court." *Id.* at 814. Having fully reviewed the record in this case, the Court is of the opinion that the remaining claims are the equivalent of a routine crossing case which is typically resolved in state court. See *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 333 (5th Cir. 2008). .

*C. Conclusion*

In sum, the Court finds that Plaintiffs' simple negligence claims against Defendants based upon inadequate warning of the train and/or the crossing. Therefore Plaintiff's motion to remand shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of May, 2011.

/s/ Glen H. Davidson
Senior Judge